IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Diana Ivankovic, ) | |
| ) | Case No. 8:18-cv-01355-DCC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Belk Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Consent Motion to Remand to State Court. ECF No. 13.  Plaintiff originally filed this action in the Anderson County Court of Common Pleas. ECF No. 1.  Defendants timely removed the action to this Court on May 17, 2018.  *Id.*  The Motion is ripe for review.

**APPLICABLE LAW AND ANALYSIS**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed on the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).  "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction."  *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).  Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

Defendant filed the Notice of Removal alleging jurisdiction pursuant to the diversity statute. ECF No. 1. With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103.

Plaintiff stipulates that the amount in controversy is less than the statutory requirement. ECF No. 13. Accordingly, it appears that the parties now agree that the amount in controversy is less than the statutory amount and there is no evidence to the contrary. Therefore, this Court lacks jurisdiction based upon the diversity of the parties; thus, this Court lacks subject matter jurisdiction over this action and remand is appropriate.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Consent Motion to Remand to State Court is GRANTED, this case is REMANDED to the South Carolina Court of Common Pleas for the Tenth Judicial Circuit in Anderson County.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 8, 2018
Spartanburg, South Carolina